UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.:  CV 22-02236 JVS (RAO)                     Date:   July 6, 2022
Title:      Jose Apollo Sr. v. MPD, District of Columbia et al.


Present:         The Honorable  **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Donnamarie Luengo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:**        (In Chambers) **ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR INSUFFICIENT SERVICE OF PROCESS**

## I.    BACKGROUND

On April 4, 2022, Plaintiff Jose Apollo Sr. ("Plaintiff"), proceeding *pro se*, filed a civil complaint ("Complaint") against: Metropolitan Police Department (MPD), District of Columbia; Lieutenant Andre Williams; Sergeant Marina Bronstein; Sergeant Bijon Hiligh; Celinet Gutierrez Ortiz; Noel Rodriguez; Candance Nicole Brown; United States Army; and CACI International Inc. ("CACI").  Dkt. No. 1 at 1, 4.  The Complaint is based on events that occurred at Plaintiff's apartment at the time in Washington, D.C.  *Id.*

On April 6, 2022, Plaintiff filed a Proof of Service.  Dkt. No. 4.  The proof of service appears to be for service of summons on Andre Williams, Marina Bronstein, Bijon Hiligh, Celinet Gutierrez, Noel Rodriguez, Candance Nicole Brown, the US Army, and CACI.  *See id.*  The proof of service is dated April 5, 2022 and is signed by Plaintiff.  *Id.*  The box for personal service is checked, but Plaintiff writes that the place of service was 7101 S. Central Ave, Los Angeles, CA 90001, First Class Mail/Delivery Confirmation.  *Id.*  A receipt for the mailings is attached with estimated delivery dates.  *See id.*  The receipt indicates mailings to Pooler, GA, Ensenada, PR, Charleston, SC, and Washington, DC.  *Id.*

On June 30, 2022, CACI International Inc. filed a Motion to Quash Service of Process and Motion to Dismiss Complaint ("Motion").  Dkt. No. 7.  No other defendants have appeared.

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  CV 22-02236 JVS (RAO)         Date:  July 6, 2022

Title:  Jose Apollo Sr. v. MPD, District of Columbia et al.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 4 ("Rule 4") governs service of process in federal actions.  Rule 4(m) states that an action shall be dismissed without prejudice if the summons and complaint are not served on a defendant within 90 days from the date the complaint is filed. However, with a showing of good cause from a plaintiff, the court must appropriately extend the time for service.  Fed. R. Civ. P. 4(m).

Proper service of a summons and complaint upon an individual may be effectuated by personally delivering a copy of both to an individual, leaving a copy of both at the individual's dwelling with someone of suitable age and discretion who resides there, or delivering a copy of both to an agent authorized to receive service.  Fed. R. Civ. P. 4(e)(2).  Service may also be made according to the law of the state where the district court is located or where service is made.  Fed. R. Civ. P. 4(e)(1).

California permits various methods of service upon an individual: personal delivery of a copy of the summons and complaint; substituted service if personal delivery is not possible with reasonable diligence; service by first-class mail; and service by publication with court authorization.  Cal. Civ. Proc. Code §§ 415.10, 415.20(b), 415.30, 415.50.

To serve a United States agency or a United States employee sued in his or her official capacity, service must be made upon the United States, and a copy of the summons and complaint must be sent to the agency or employee by registered or certified mail.  Fed. R. Civ. P. 4(i)(2).  To serve a United States employee sued in an individual capacity, regardless of whether the employee is also sued in an official capacity, service must be made upon the United States and upon the employee in accordance with Rule 4(e).  Fed. R. Civ. P. 4(i)(3).

A domestic corporation or partnership must be served in accordance with Rule 4(e)(1), or by delivering a copy of the summons and complaint to an officer, managing or general agent, or any other agent authorized to receive service of process.  Fed. R. Civ. P. 4(h)(1).

Service may be made by anyone who is at least 18 years of age and not a party to the action.  Fed. R. Civ. P. 4(c)(2).

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 22-02236 JVS (RAO)                     Date:   July 6, 2022

Title:        Jose Apollo Sr. v. MPD, District of Columbia et al.

## III.    **DISCUSSION**

### A.    **Plaintiff does not appear to have served all defendants.**

The proof of service does not include MPD, District of Columbia.  It appears that Plaintiff has not attempted service on this defendant in accordance with Rule 4.

### B.    **Plaintiff's Proof of Service suffers from numerous deficiencies.**

First, Plaintiff signed his name as the person who served the papers.  Dkt. No. 4.  This is improper because a party to an action may not attempt service of a summons and complaint.  *See* Fed. R. Civ. P. 4(c)(2).

Second, Plaintiff checks the box for personal service, but the address he provides is for the Main Office Los Angeles of the United States Postal Service, as indicated on the receipt attached to the proof of service.  *See* Dkt. No. 4.  Mailing a copy of summons and the complaint does not constitute personal service.

Third, it does not appear that service by mail is proper or complete.  As a general observation, Plaintiff does not provide the addresses to which he mailed summons and the complaint for the various defendants.  While the receipt provides cities and states, there is no other information about the intended recipients.  Thus, there is no way for the Court to determine whether the intended recipients of the mailings are appropriate individuals for service by mail.

As to the individual defendants, service by mail is not provided by Rule 4(e).  While California law permits service by mail, a copy of the summons and complaint must be mailed with two copies of a notice and acknowledgement and a return envelope, postage prepaid, addressed to the sender.  Cal. Civ. Proc. Code § 415.30.  Service is deemed complete on the date a written acknowledgement of receipt of summons is executed.  *Id.*  A person outside of the state of California may also be served by sending a copy of the summons and complaint by first-class mail, postage prepaid, requiring a return receipt.  Cal. Civ. Proc. Code § 415.40.  Here, Plaintiff has not filed an acknowledgement of receipt of summons from any of the defendants or a return receipt.

As to the US Army, Plaintiff must serve the United States under Rule 4(i)(1) and also send a copy of the summons and complaint by registered or certified mail to the agency.  Fed. R.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 22-02236 JVS (RAO)                    Date:   July 6, 2022
Title:         Jose Apollo Sr. v. MPD, District of Columbia et al.

Civ. P. 4(i)(2).  The proof of service does not indicate whether summons and the complaint were sent by registered or certified mail to the requisite individuals and entities.

And as to CACI, Plaintiff must serve a domestic corporation either pursuant to state law or by delivering a copy of the summons and complaint to an individual specified in Rule 4(h)(1)(B).  Fed. R. Civ. P. 4(h)(1).  Under California law, a corporation may be served by delivering a copy of the summons and complaint to an agent for service of process or to an individual specified in California Code of Civil Procedure section 416.10(b).  Here, the proof of service does not indicate that an agent for service or other appropriate individual was served.  And as with the individual defendants, Plaintiff has not filed an acknowledgement of receipt of summons or a return receipt as required for service by mail.

      **C.**      **The Rule 4(m) period has expired.**

This action was filed on April 4, 2022.  The 90-day period to serve under Rule 4(m) expired on July 5, 2022.  Plaintiff has not requested an extension of time to serve.  Therefore, upon notice to Plaintiff, the action is subject to dismissal without prejudice.  *See* Fed. R. Civ. P. 4(m).

      **D.**      **The Court vacates the hearing for CACI's Motion and stays the briefing schedule.**

CACI's Motion is noticed for a hearing on August 10, 2022.  Because the issue of insufficient service applies to CACI as set forth above and as argued by CACI in its Motion, the Court stays the briefing schedule on CACI's Motion until resolution of this OSC.  The August 10, 2022 hearing is **VACATED**.

**IV.**      <u>**CONCLUSION**</u>

For the reasons stated above, Plaintiff is **ORDERED TO SHOW CAUSE** why this action should not be dismissed pursuant to Rule 4(m) due to Plaintiff's failure to properly effectuate service.  Plaintiff shall file his response no later than <u>**August 5, 2022**</u>.  In addition or in the alternative, Plaintiff may properly serve the defendants and/or file proofs of service showing sufficient service of process.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 22-02236 JVS (RAO)                     Date:   July 6, 2022
Title:        Jose Apollo Sr. v. MPD, District of Columbia et al.

     **If Plaintiff fails to file a timely response to this Order as directed above, the action will be subject to dismissal without prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

     **IT IS SO ORDERED.**

Initials of Preparer _____ : _____
                                      dl